IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOTTA M. BLACK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 12-1286 |
| | ) | |
| CITY OF PITTSBURGH, | ) | United States Magistrate Judge |
| JUDY HILL FINEGAN, | ) | Cynthia Reed Eddy |
| DEIDRA COCHRAN, | ) | |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

**I.  Factual and Procedural Background**

**A.  Amended Complaint**

Plaintiff Carlotta Black filed this action on September 7, 2012, initially *pro se*, against the City of Pittsburgh, Judy Finegan, Director of the City's Department of Personnel, and Deidra Cochran, a Supervisor in the City's Partnership Reset Program/Employment and Retention Network (EARN), a Welfare to Work Program. Thereafter Plaintiff retained counsel who filed an Amended Complaint on November 29, 2012.

Plaintiff was an employee of the Department of Personnel, and a "program administrator/SPOC case manager" in the EARN program, a "Department of Welfare Federally Funded Program," since July 24, 1995. Amended Complaint, (ECF No. 4), at ¶¶ 1, 15. She claims she was terminated on or about March, 25, 2010 "for a false allegation of willfully allowing a student to maintain cash benefits when in fact they [sic] were not receiving any." Amended Complaint, (ECF No. 4), at ¶ 44. The Amended Complaint states claims against the City and against the individual defendants in their personal capacities, "pursuant to the Americans with Disabilities Act as amended ("ADA"), 42 U.S.C. §§ 12101, et. seq., and the Pennsylvania Human Relations Act, ("PHRA") (43 P.S. §§ 955 et. seq.)." Amended Complaint,

(ECF No. 4), at ¶ 6. Plaintiff alleges that Defendants failed to accommodate her on the basis of an actual disability, depression and anxiety disorder, and/or "regarded as" disability, that she was denied reasonable accommodation, and that she was discharged unlawfully due to her disability and her request for accommodation. Amended Complaint, (ECF No. 4), at ¶ 7-8. Plaintiff also claims that she was terminated as a result of race discrimination and retaliation for engaging in protected activity, i.e., complaining to management about a continuing pattern and practice of race discrimination, and that she, an African-American, was replaced by a non-disabled white female. Amended Complaint, (ECF No. 4), at ¶ 9-11.

Plaintiff further avers that she filed charges of discrimination with the Pennsylvania Human Relations Commission and the EEOC and exhausted her administrative remedies; the EEOC issued a letter of dismissal and right to sue letter on June 8, 2012. Amended Complaint, (ECF No. 4), at ¶ 13-14.

**B. Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 20)**

On March 18, 2013, Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment, (ECF No. 20). The Motion to Dismiss was filed pursuant to Fed.R.Civ.P. 12(b)(1), challenging this Court's jurisdiction to entertain the case, and Fed.R.Civ.P. 12(b)(6), for failure to state a claim; the Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 attached numerous documents generated in Plaintiff's proceedings before the City of Pittsburgh's Civil Service Commission ("Commission") and in the Court of Common Pleas of Allegheny County. The factual underpinning of this motion seeking relief in the alternative is Plaintiff's unsuccessful complaint filed with the Commission, which found that Plaintiff was discharged in accordance with the Pennsylvania Civil Service Act with respect to second class

cities, 53 Pa. Stat. Ann. § 23453, for "just cause," because she fraudulently submitted certain records regarding a participant in the Welfare to Work EARN program.

Specifically, the Commission found that Plaintiff fraudulently filled out and signed paperwork, over the course of about five months, indicating that a certain participant in the program had completed academic work which had not, in fact, been completed. In regards to Plaintiff's requests for accommodations at her workplace for a disability (severe depression and anxiety), the Commission found that there was no causal connection between her requests for accommodations and her discharge for intentionally submitting false records. Defendants' Exhibit A, Commission Adjudication of May 20, 2010, (ECF No. 20-3), at 2-3. The Commission also rejected Plaintiff's discrimination claim because Plaintiff's comparator employees were not similarly situated as they had not committed the same type of willful violation as Plaintiff or any other fraudulent conduct. Defendants' Exhibit G, Adjudication of January 6, 2011, upon reconsideration, (ECF No. 20-8), at 1.

The Commission rejected Plaintiff's suggestion that racial discrimination played a part in her termination, noting that all other employees working as case managers or in similar positions within the Department of Personnel, other than those referenced by Plaintiff, are African-Americans. *Id*. at 2. The Commission also rejected Plaintiff's contention that she was denied the benefit of the progressive disciplinary system, explaining that Plaintiff had a long disciplinary history and yet remained employed with the City until the incident that led to her termination. *Id*.

The Commission's decision was affirmed by the Court of Common Pleas, which found that Plaintiff had not established a violation of her constitutional or other legal rights, and that substantial evidence supported the Commission's finding that Plaintiff had been discharged for

just cause. Defendants' Exhibit D, Memorandum and Order of Court, O'Brien, J., Court of Common Pleas of Allegheny County, (ECF No. 20-6).

Plaintiff filed her Response to this motion on April 19, 2013, and defendants their Reply on May 6, 2013. (ECF Nos. 27, 28). At that point, the case was reassigned to this Court. Order of May 23, 2013. (ECF No. 29).

### C. Supplemental Brief in Support of Motion to Dismiss (ECF No. 35)

At the status conference on June 6, 2013, the Court advised the parties, *inter alia*, that it had detected an obvious threshold problem with the case, and entered an Order (ECF No. 32) directing defendants to file an additional brief in support of the motion to dismiss addressing this Court's authority to reconsider matters previously litigated or which could have been previously litigated in state court, with Plaintiff to file a brief in opposition, specifically directing the parties to address claim and issue preclusion.

The United States Court of Appeals for the Third Circuit recently reaffirmed the authority and obligation of the trial court to actively manage its civil docket and to wean out cases with obvious deficiencies at an early stage of litigation, to conserve scarce legal and judicial resources. *Lassiter v. City of Philadelphia*, 716 F.3d 53 (3d Cir. 2013) (district court was authorized to raise statute of limitations issue *sua sponte* at pretrial conference and to direct briefs addressing the issue). Rule 16 of the Federal Rules of Civil Procedure contemplates that a trial court should assume an "active managerial role" in the litigation process to expedite the efficient disposition of a case. *Id.* at 56 (citing *Phillips v. Allegheny County*, 869 F.2d 234, 239 (3d Cir. 1989)). Thus Rule 16 vests a trial court with "wide discretion and power to advance causes and simplify procedure before presentation of cases to juries," i*d.* at 56 (quoting *Buffington v. Wood*, 351 F.2d 292, 298 (3d Cir. 1965)), and to "sift the issues" and reduce "the

delays and expense of trial so that a suit will go to trial only on questions as to which there is an honest dispute of fact or law." *Id*. at 56 (quoting *Delta Theatres, Inc. v. Paramount Pictures, Inc.*, 398 F.2d 323, 324 (5th Cir. 1968)).

Defendants argue in their supplemental brief that the state court's ruling on Plaintiff's statutory appeal of the Civil Service Commission decision precludes this Court from now considering her claims of race and disability discrimination and retaliation. After careful consideration of the motions and briefs in support and in opposition, the Court agrees that the affirmance of the Commission's decision by the Court of Common Pleas of Allegheny County operates to preclude this Court from reconsidering the state court's ruling, forecloses relitigation of the claims raised or that could have been raised therein, and deprives this Court of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

## II.  Legal Discussion

### A.  Fed.R.Civ.P. 12(b)(1)

A plaintiff properly invokes the jurisdiction of the federal courts under 28 U.S.C. § 1331 when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Bell v. Hood*, 327 U.S. 678, 681-685 (1946). Rule 12(b)(1) provides that a party may assert lack of subject matter jurisdiction by motion to dismiss before a responsive pleading is filed. Ordinarily, consideration of a Rule 12(b)(1) motion to dismiss for want of subject matter jurisdiction should not be conflated with consideration of the merits of the case, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998), but there is a well-established exception: a claim invoking federal-question jurisdiction under section 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is immaterial and made solely for purpose of obtaining jurisdiction, or is wholly insubstantial and frivolous. *Arbaugh v. Y&H*

*Corp.*, 546 U.S. 500 (2006); *CNA v. United States*, 535 F.3d 132 (3d Cir. 2008) (even if question raised by motion to dismiss goes to the merits, a plaintiff's federal claim may be dismissed for lack of subject matter jurisdiction if the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or when it is wholly insubstantial and frivolous).

In contrast with Fed.R.Civ.P. 12(b)(6), wherein the court must accept as true all well-pleaded facts and allegations and draw all reasonable inferences therefrom in favor of the plaintiff, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), under Rule 12(b)(1) a district court may independently evaluate the evidence regarding disputes over jurisdictional facts, rather than assuming plaintiff's allegations are true. *CNA*, 535 F.3d at 140, 145-46.  The district court's first task is "to classify the [Rule 12(b)(1)] motion as either a factual attack or a facial attack. The latter concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id.* at 139 (quoting *United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)). *See also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 A.2d 884, 891 (3d Cir. 1977) (because motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1) goes to a court's "power to hear the case," the court is empowered to look beyond the pleadings). Where the defendant's challenge to the court's subject matter jurisdiction is also a challenge to the existence of a federal cause of action, the "proper course of action for the district court . . . is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case.'" *CNA*, 535 F.3d at 143 (citations omitted). The district court ought to assume jurisdiction and go to the merits on a motion to dismiss where the jurisdictional issue is intertwined with the merits of the case, although "[c]ourts differ on what it means for jurisdiction to be intertwined with the

merits." *Id.* (comparing cases).[1] Here, the Court need not go to the merits because claim and issue preclusion bar Plaintiff's claims at the threshold.

### B.  Claim and Issue Preclusion

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, "'judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of" the state from which they emerged. Section 1738 'has long been understood to encompass the doctrines of res judicata, or claim preclusion, and collateral estoppel, or issue preclusion.'" *R & J Holding Co. v. Redev. Auth. of Montgomery*, 670 F.3d 420, 426 (3d Cir. 2011) (quoting *San Remo Hotel, L.P. v. City & County of San Francisco*, 545 U.S. 323, 326 (2005)). *See also Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988); *Brown v. Tucci*, --- F.Supp.2d ----, 2013 WL 2190145, *9 (W.D.Pa. 2013) (Fischer, J.; the Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to give preclusive effect to decisions of state courts, which "has long been understood to encompass the doctrines of res judicata, or 'claim preclusion,' and collateral estoppel, or 'issue preclusion.'") (quoting *San Remo Hotel*); *Zokaites Properties, LP v. La Mesa Racing, LLC*, 2012 WL 3144127, *9 (W.D.Pa. 2012) (Kelly, M.J.; "a federal court must give a judgment rendered by a state court the same preclusive effect that it would be accorded in the courts of the relevant state").[2]

"Moreover, decisions made by state administrative agencies that have been reviewed by state courts are entitled to preclusive effect in federal court." *Bazargani v. Haverford State Hosp.*, 90 F.Supp. 2d 643, 655 n. 25 (E.D.Pa. 2000) (citing *Astoria Fed'l Sav. & Loan Ass'n v.*

---

[1] The Court of Appeals for the Third Circuit stated in *CNA* that its "approach to the meaning of 'intertwined with the merits' . . . is best understood as referring to overlapping issues of proof." *Id.*

[2] States are of course required to give Full Faith and Credit to each other's judgments by virtue of the Full Faith and Credit Clause of the United States Constitution. "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." U.S. Const., art. IV, § 1.

*Solimino*, 501 U.S. 104, 107–08 (1991)). *See also Edmundson v. Bor. of Kennett Square*, 4 F.2d 186, 188 (3d Cir. 1993) ("unemployment compensation proceeding reviewed by a state court invokes claim preclusion so as to bar recovery against a municipality and its officials").

As a colleague in the Eastern District of Pennsylvania recently summarized:

> "Res judicata, or claim preclusion, prohibits parties involved in prior, concluded litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous litigation." *Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.*, 587 Pa. 590, 902 A.2d 366, 376 (Pa. 2006) (citing *R/S Fin. Corp. v. Kovalchick*, 552 Pa. 584, 716 A.2d 1228, 1230 (Pa. 1998)). Under Pennsylvania law, the following elements must be present for res judicata to apply: "(1) identity of issues; (2) identity in the cause of action; (3) identity of persons or parties to the action; and (4) identity of the capacity of the parties suing or being sued." *Daley v. A.W. Chesterton, Inc.*, 37 A.3d 1175, 1189–90 (Pa. 2012). "The essential inquiry [in a res judicata analysis] is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." *Chada v. Chada*, 756 A.2d 39, 42 (Pa. 2000) (quoting *Hammel v. Hammel,* 431 Pa.Super. 230, 636 A.2d 214, 218 (Pa.Super.Ct. 1994)).

*United States Bank, Nat. Ass'n v. First American Title Ins. Co.*, --- F.Supp.2d ----, 2013 WL 1905110, *3 (E.D.Pa. 2013) (Yohn, J.). *See also In re Stevenson*, 40 A.3d 1212, 1227 (Pa. 2012) (Baer, J., concurring opinion, collecting cases).

Issue preclusion refers "to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *Tucci*, 2012 WL 2190145 at *9. In determining the issue preclusive effect of a state court judgment, the Court applies the rendering state's law of issue preclusion. *Thomas v. Parkway West Career and Tech. Ctr.*, 2013 WL 1195115, *5 (W.D.Pa. 2013) (Schwab, J.) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 470 U.S. 373, 381–382 (1985)). "Issue preclusion occurs when: '(1) the issue presented in a later action is identical to the one decided in a prior action; (2)

the prior action resulted in a final judgment on the merits; (3) the parties against whom issue preclusion is sought are the same or are in privity; and (4) the party against whom preclusion is sought had 'a full and fair opportunity to litigate the issue in the prior action.' '" *Tucci*, 2012 WL 2190145 at *2 (quoting *Straker v. Deutsche Bank Nat. Trust*, 2011 WL 398374 at *4 (M.D.Pa. 2011)).

### III. Application

Plaintiff claims she was terminated in violation of the ADA and Title VII because she had a disability that defendants failed to accommodate and because similarly situated white co-workers received better treatment than she. The Commission found that Plaintiff fraudulently filled out and signed paperwork indicating a program participant had completed academic work which had not, in fact, been completed, found that there was no causal connection between Plaintiff's requests for accommodations and her discharge, and rejected Plaintiff's race discrimination claim because Plaintiff's comparator employees were not similarly situated as they had not committed any willful or fraudulent misconduct. The Court of Common Pleas of Allegheny County affirmed the Commission, and Plaintiff did not take the next level appeal to the Commonwealth Court of Pennsylvania, leaving Judge O'Brien's decision as the final decision. *See* 42 Pa.C.S. § 762(a)(4) (appeals from courts of common pleas from local government civil and criminal matters).

Defendants argue in their motion to dismiss for want of jurisdiction that the claims raised in this case are immaterial, made solely for purpose of obtaining federal court jurisdiction, and are wholly insubstantial and frivolous. The Court agrees that, because federal courts are required to give preclusive effect to the adverse decision of the Court of Common Pleas of Allegheny County affirming the decision of the Civil Service Commission, Plaintiff's claims are wholly

insubstantial and frivolous. As Judge McVerry of this District Court held in *Thompson v. County of Beaver*, 2006 WL 62822, \*3 (W.D.Pa. 2006), Mr. Thompson's claim that he was terminated from employment in violation of the First and Fourteenth Amendments were barred by "general principles of claim preclusion" because they could have been asserted in the prior administrative and judicial proceedings. *See also Kremer v. Chem. Constr. Corp.*, 456 U.S. 461 (1982) (full faith and credit principles require federal courts to give preclusive effect to state agency decisions that have been reviewed by a state court); *Edmundson, supra* (state unemployment compensation decision reviewed by state court invoked claim preclusion so as to bar recovery against municipality and its officials in their governmental capacities in section 1983 action); *Bazargani,* 90 F.Supp. 2d 643 (decision of state civil service commission, affirmed by Commonwealth Court, that psychiatrist had been discharged due to her failure to follow hospital policies precluded psychiatrist under doctrine of res judicata from raising Title VII claims in federal court). *Cf. Wolski v. City of Erie*, 773 F.Supp.2d 577, 586-87 (W.D.Pa. 2011) ("no preclusive effect should be given to the unreviewed decision of the City's Civil Service Commission") (citing, *inter alia*, *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 796 (1986) (unreviewed state administrative proceedings may not be given preclusive effect in Title VII cases), and *Astoria*, 501 U.S. at 110–114 (unreviewed state administrative proceedings may not be given preclusive effect in ADEA cases)).

Plaintiff's Response in Opposition to Defendants' Supplemental Brief in Support of Motion to Dismiss (ECF No. 37) concedes that "claim preclusion prohibits the re-examination of matters already decided or matters that could have been brought, but were not." *Id.* at 1. However, Plaintiff submits that she attempted to raise a discrimination claim in her civil service hearing but "the two (2) commission member panel, (one white male and one black male)

silenced counsel. The third female commissioner left the hearing and did not participate further." *Id*. at 2. Without citation of authority or reference to the transcript, Plaintiff suggests that this "silencing" of her attorney who was trying to present her discrimination claim exempts her from operation of the Full Faith and Credit Act, and from the effect of claim and issue preclusion. *Id*.

The short answer to this suggestion is that Plaintiff had the right and opportunity to present this "silencing" argument to the Court of Common Pleas of Allegheny County, and had the right to appeal that determination to and raise the issue with the Commonwealth Court of Pennsylvania. Plaintiff's failure to present this contention in state court, where she had a full and fair opportunity to do so, prevents her from raising it in this Court. *See Rouse v. II-VI Inc.*, 2008 WL 2914796, *10 (W.D.Pa. 2008) (McVerry, J.; litigant cannot escape the res judicata effects of an adverse judgment by the simple expedient of depriving the appellate court of a meaningful opportunity to reach and determine the merits of his case) (citing *Underwriters National Ass. Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 710 (1982) ("party cannot escape the requirements of full faith and credit and res judicata by asserting its own failure to raise matters clearly within the scope of a prior proceeding.")).

**IV**.    **Conclusion**

For all of the foregoing reasons, the Court will grant defendants' Motion to Dismiss for want of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).  A separate Order will be entered granting the motion and dismissing the case.

<u>/s Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

cc: all counsel of record